UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KAREEM CULBRETH,

                             Plaintiff,

                  -against-

MANUEL #500; ORANGE COUNTY JAIL,

                            Defendants.

**ORDER OF SERVICE**

24-CV-0497 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, who currently is currently held at the Orange County Jail, brings this action, *pro se*, alleging that Defendants violated his rights. The Court construes the complaint as asserting constitutional claims under 42 U.S.C. § 1983 and related claims under state law. By order dated February 5, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court: (1) dismisses Plaintiff's claims against the Orange County Jail, and directs the Clerk of Court, under Federal Rule of Civil Procedure 21, to substitute Orange County as a defendant; (2) directs the Clerk of Court, under Federal Rule of Civil Procedure Rule 21, to add Sergeant Brahm as a defendant; and (3) directs service on Correction Officer Manuel, Sergeant Brahm, and Orange County.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.     Claims against Orange County Jail**

Because Plaintiff's allegations suggest that he is asserting claims that Defendants violated his federal constitutional rights, his federal claims arise under 42 U.S.C. § 1983. However, Plaintiff may not assert claims under Section 1983 against Orange County Jail. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Orange County Jail is not a "person" within the meaning of Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. App. Div., Second Dep't S. Ct.*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of Section 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983). The Court therefore dismisses Plaintiff's claims against the Orange County Jail for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and likely intention to assert claims against Orange County, the Court construes the complaint as asserting claims against Orange County, and directs the Clerk of Court to amend the caption of this action to replace Orange County Jail with Orange County. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Orange County may wish to assert.

### B. Sergeant Brahm

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). Under this rule, courts have added an individual as a defendant in an action, though that individual is not named as a defendant in the complaint, because he or she is mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-01723, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 19-CV-05909, 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).

Plaintiff does not name Sergeant Brahm as a defendant. He does allege, however, that Sergeant Brahm refused to provide him with medical attention after he was in a car accident. (Doc. 1 at 4-5). In light of Plaintiff's *pro se* status and these allegations, the Court understands Plaintiff's complaint as asserting claims against Sergeant Brahm. Accordingly, the Court directs the Clerk of Court to add Sergeant Brahm as a defendant in this action, pursuant to Federal Rule of Civil Procedure 21. This amendment is without prejudice to any defenses that Sergeant Brahm may wish to assert.

### C. Service on Manuel, Brahm, and Orange County

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

3

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Correction Officer Manuel (Badge #500), Sergeant Brahm, and Orange County through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Orange County Jail. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to add Orange County and Sergeant Brahm as defendants in this action. *See* Fed. R. Civ. P. 21.

The Clerk of Court is further directed to issue summonses for Correction Officer Manuel (Badge #500), Sergeant Brahm, and Orange County, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge*

*v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is also directed to mail a copy of this Order and an information package to Plaintiff.

**SO ORDERED.**

Dated: February 7, 2024
       White Plains, New York

                                            HON. PHILIP M. HALPERN
                                            United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Correction Officer Manuel, Badge #500
   Orange County Jail
   110 Wells Farm Road
   Goshen, NY 10924

2. Sergeant Brahm
   Orange County Jail
   110 Wells Farm Road
   Goshen, NY 10924

3. Orange County
   Office of the Orange County Attorney
   Orange County Government Center
   255 Main Street
   Goshen, NY 10924